UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MARK SANFORD and
TAMMY SANFORD,
    Plaintiffs,
-vs.-                                           **DEMAND FOR JURY TRIAL**

PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiffs Mark Sanford and Tammy Sanford, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Portfolio Recover Associates which is a foreign company that maintains registered offices in Norfolk County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Bay County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect an alleged consumer type debt allegedly owed by Plaintiff, Tammy Sanford ("Mrs. Sanford").

7. Defendant is attempting to collect on a JC Penny debt ("the Debt") that Mrs. Sanford last paid on in 1998.

8. The Debt is outside Michigan's Statute of Limitations.

9. In July 2011, Defendant first spoke with Plaintiff, Tammy, in an attempt to collect on the Debt.

10. On or about January 11, 2012, Defendant called Plaintiffs at 3:55 p.m. and at 7:17 p.m.

11. Plaintiffs did not answer the 3:55 p.m. call, however, Plaintiff, Mark Sanford, ("Mr. Sanford") spoke with Defendant at 7:17 p.m.

12. During this conversation, Mr. Sanford informed Defendant that his wife was not home.

13. Defendant then asked to speak with Mr. Sanford about the debt.

14. During this conversation, the Defendant attempted to collect the debt from him.

15. On or about March 9, 2012, Mr. Sanford spoke with Defendant when they called him.

16. In this conversation, Mr. Sanford spoke with a representative named Ben Ray.

17. Mr. Sanford told Mr. Ray that he was not allowed to go after Tammy for the money because it has been over 18 years since they paid on the alleged debt and that they wanted the- phone calls to stop.

18. Mr. Ray replied, "We are allowed to go after you until you get this bill paid in full."

19. Mr. Sanford explained to Mr. Ray that Michigan law states that they cannot continue with this after 6 years. Mr. Ray replied, "We can do it until we decide to stop."

20. To date, Plaintiffs have never received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

26. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

29. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

31. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

32. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

33. Plaintiff incorporates the preceding allegations by reference.

34. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

35. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

36. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

37. Plaintiff has suffered damages as a result of these violations of the MCPA.

38. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

March 14, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com