UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMY SANFORD,
MARK SANFORD,

      *Plaintiffs,*   CASE NO: 12-cv-11526

v.   DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

PORTFOLIO RECOVERY
ASSOCIATES, L.L.C.,

      *Defendant.*
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
(Doc. 30)

This order is entered under the authority given to this Magistrate Judge in an order of reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

### I.   Introduction

On December 4, 2012, Defendant Portfolio Recovery Associates, L.L.C., ("Defendant" or "PRA") was ordered to produce the contract between itself and the entity known as CCT ("the contract") within 21 days. (Doc. 29.) On December 10, 2012, Defendant filed the instant motion for protective order, asserting that the contract "contains confidential information relating to the terms of the relationship and agreement between PRA and CCT, a third-party," and that Defendant "seeks to protect the confidential nature of this document." (Doc. 30 ¶ 3.) No brief accompanies the motion; an 8-page proposed protective order is attached to the motion.

Plaintiffs filed a response in opposition to the motion, asserting that Defendant's "vague characterization" of confidentiality does not satisfy the burden of providing sufficient information

for the Court to determine whether a protective order is warranted. (Doc. 33 at 2.) Plaintiffs also correctly point out that Defendant failed to mention the need for a protective order when the production of this document was discussed during oral argument on Plaintiffs' motion to compel.

Defendant filed a reply brief, explaining that the proposed protective order has a provision whereby Plaintiffs can object and return to Court for "instruction" if they believe Defendant has wrongfully designated material as confidential. (Doc. 34 ¶ 5.)

**II.     Analysis & Conclusion**

"While district courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "'The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Therefore, the parties should not be allowed to adjudicate for themselves which "particular documents justify court imposed secrecy . . . based upon their own self-interest." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "Under Rule 26(c)(1), protective orders restricting the disclosure of information may only be issued for 'good cause' [and] [t]he party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of information at issue." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (D.C. Cir. 2011). "For good cause to exist, the party seeking to limit the disclosure of discovery materials must show that 'specific prejudice or harm will result if no

2

protective order is granted.'" *Id*. at 1357-58 (citations omitted). If the party seeking protection meets that burden, then the court must balance the public and private interests to determine whether a protective order is necessary. *Id*. at 1358.

In the instant case, Defendant merely states in conclusory fashion that the document to be produced contains confidential information relating to the terms of its agreement with CCT, a third-party. The Court finds that this assertion falls far short of meeting the burden to show that specific prejudice or harm will result if no protective order is granted. Accordingly, because Defendant has not demonstrated good cause for restricting the disclosure of the information at issue, the Court will deny the motion.

### III. Order

For the reason stated above, **IT IS ORDERED** that Defendant's Motion for Protective Order (Doc. 30) is **DENIED** and Defendant shall produce the contract no later than **5 days** from the date of this order.

Failure to comply with this order may result in imposition of sanctions under Rule 37(b).

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

                         s/ Charles E Binder
                         CHARLES E. BINDER
Dated: January 4, 2013          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and electronically served on Travis Shackelford, Gary Nitzkin, Avanti Bakane and David Schultz..

Date:  January 4, 2013          By       s/*Jean L. Broucek*
                                           Case Manager to Magistrate Judge Binder