UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMMY SANFORD, and
MARK SANFORD,

        Plaintiffs,                       Case No. 12-cv-11526

v                                                    Honorable Thomas L. Ludington

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.

_____/

**ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFFS'**
**OBJECTIONS AND AMENDING TAXED BILL OF COSTS**

On July 22, 2013, Defendant Portfolio Recovery Associates prevailed on its motion for summary judgment (ECF No. 38), and the Court granted judgment in its favor. ECF No. 52. On August 27, 2013, Plaintiffs Mark and Tammy Sanford objected to the Taxed Bill of Costs (ECF No. 54) entered by the Clerk of the Court. The Sanfords argue that Portfolio should be denied the costs associated with the Sanfords' depositions. In the alternative, the Sanfords request an evidentiary hearing to determine the costs that Portfolio may recover.

The Sanfords' objections are overruled in part and sustained in part. Because the Sanfords' depositions were necessarily obtained for the case, Portfolio can recover the costs associated with those depositions. However, conducting the depositions via videoconference was not necessary, and therefore the videoconferencing fees are not recoverable under 28 U.S.C. § 1920.

**I**

Plaintiffs Mark and Tammy Sanford sued Defendant Portfolio Recovery Associates for violation of (1) the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a(6); (2) the Michigan Occupational Code, Mich. Comp. Laws § 339.901(b); and (3) the Michigan Collection Practices Act, Mich. Comp. Laws §445.252. Portfolio prevailed on its motion for summary judgment (ECF No. 38) because the Sanfords did not establish that Portfolio knew the Sanfords' attorney's name and address, which is required for an FDCPA claim. The Court dismissed the FDCPA claim and then declined to exercise supplemental jurisdiction over the remaining two claims. Judgment 1-2, ECF No. 52.

Following entry of the judgment, Portfolio timely filed a Bill of Costs with the Clerk requesting $2,445.75 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Bill of Costs 1, ECF No. 53. The Bill of Costs included invoices that itemized the costs associated with the Sanfords' depositions:

1. Court reporter attendance, video conference, original transcript, and shipping and handling fee for deposition of Plaintiff Mark Sanford: $1,290.95.
2. Court reporter attendance, video conference, and original transcript, fee for deposition of Plaintiff Tammy Sanford: $745.80.
3. Video Conference fee for use of video conference equipment at defense counsel's firm for deposition of Plaintiff Mark Sanford: $200.
4. Video Conference fee for use of video conference equipment at defense counsel's firm for deposition of Plaintiff Tammy Sanford: $200

Bill of Costs, Exhibit 1 at 2.

Notably, each deposition had two separate videoconference fees associated with it: one fee charged by Veritext, and one fee charged by Hinshaw & Culbertson LLP. For Mark Sanford's deposition, the Veritext invoice listed a videoconference fee totaling $500.00 and a Hinshaw & Culbertson videoconference fee totaling $200.00. Bill of Costs, Ex. 1 at 3, 5. For

Tammy Sanford's deposition, the Veritext invoice listed a videoconference fee totaling $300.00 and a Hinshaw & Culbertson videoconference fee totaling $200.00. Bill of Costs, Ex. 1 at 2, 4.

On August 20, 2013, the Clerk taxed costs in the amount of $2,045.75, which was $400 less than the amount claimed by Portfolio. The Clerk had denied Portfolio's third and fourth itemized costs for the Hinshaw & Culbertson videoconference fees, explaining:

> The video conference fees for the use of the video conference equipment at defense counsel's firm for the depositions of plaintiffs Mark Sanford and Tammy Sanford are not taxable. For the use of the video equipment, only an invoice for the deposition of Mark Sanford was provided. No invoice for the deposition of Tammy Sanford was provided. Furthermore, the one invoice provided (for Mark Sanford) is not self-explanatory. It does not state what services were performed, to whom the charges were billed to, etc.

Costs Taxed 2, ECF No. 54. The Clerk permitted the rest of the charges in the invoice, including the remaining $800 Veritext videoconferencing fees. One week later, the Sanfords filed an objection to the Clerk's Costs Taxed.

**II**

28 U.S.C. § 1920 provides that "costs—other than attorney's fees—should be allowed to the prevailing party," unless a statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Section 1920 specifically allows costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In addition, Eastern District of Michigan Local Rule 54.1 provides that costs will be taxed by the Clerk as provided in the Bill of Costs Handbook available from the Clerk's Office. E.D. Mich. LR 54.1.

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). Furthermore, "[t]he party objecting to the Clerk's taxation has the burden of persuading the court that it was

improper." *Id*. at 420 (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3rd § 2679 (1998)).

### III

The Sanfords argue that the costs taxed should be denied for three reasons: First, Tammy Sanford's transcript was not "necessarily obtained" for use in the case. Second, the transcription fees are exorbitant, especially in comparison to what the Sanfords paid for the deposition transcripts. And finally, the Veritext videoconferencing fees are not recoverable under 28 U.S.C. § 1920.

### A

28 U.S.C. § 1920(2) conditions the recovery of costs associated with depositions upon a demonstration of necessity. The Court is obliged to "exercise discretion in assessing costs, only allowing taxation of costs for materials necessarily obtained for use in the case. . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 342 (E.D. Mich. 1995) (internal citations omitted).

Whether a deposition is reasonably necessary is to be determined at the time it is taken. *Baker v. First Tenn. Bank, N.A.*, 142 F.3d 431, 1998 WL 136560, at *3 (6th Cir. 1998). Depositions need not be absolutely indispensible to provide the basis of an award of costs; it is enough that they are reasonably necessary. *Abbs v. Con-Way Cent. Exp., Inc.*, 2007 WL 1017364, at *6 (E.D. Mich. Apr. 3, 2007). "For purposes of imposing costs, a deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment." *Id*.

Here, Portfolio's successful motion for summary judgment cited Tammy Sanford's deposition six times. On summary judgment, an essential requirement is the absence of any issue

of material fact regarding the existence of an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, a court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). On a motion for summary judgment, the moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id*. at 1435.

Because of this burden, Portfolio's counsel needed to be thorough in their conduct of discovery in preparation for Portfolio's motion for summary judgment. At the time of Tammy Sanford's deposition, Portfolio could have reasonably believed that she would play an integral role in the resolution of the case, which focused on Portfolio's attempts to collect on Tammy Sanford's debt. This thoroughness ultimately yielded positive results for Portfolio, and therefore Tammy Sanford's deposition was reasonably necessary to Portfolio's defense. Therefore, the Sanfords' objection that Tammy Sanford's deposition is unnecessary is overruled.

Furthermore, the deposition transcription fees are not exorbitant. Portfolio claims a total of $953.25 for the preparation of the depositions, at a rate of $4.65 per page. Bill of Costs, Ex. 1 at 3-4. Although that rate is approximately $1.50 more per page than the Sanfords paid, it is not an exorbitant price to pay for preparation of a deposition transcript. The Sanfords' objection to the costs associated with their depositions is overruled.

**B**

Regarding the Sanfords' final objection, Portfolio's costs associated with conducting the Sanfords' depositions via videoconference are not taxable under 28 U.S.C. § 1920.[1] The costs of

---

[1] As explained above, the Clerk properly excluded the Hinshaw & Culbertson videoconferencing fees because Portfolio did not comply with Eastern District of Michigan Local Rule 54.1 regarding Taxation of Costs. Because the Hinshaw & Culbertson videoconferencing fees totaling $400 were not taxed to the Sanfords, the Court will consider only whether the $800 Veritext videoconferencing fees are taxable to the Sanfords.

conducting a deposition by videoconference are analogous to travel costs, which are not recoverable under 28 U.S.C. § 1920. *Ramonas v. West Virginia University Hospitals-East, Inc.*, 2010 WL 3282667, at *9 (N.D.W.V. August 19, 2010). Portfolio's counsel conducted the depositions by videoconference for their own convenience; doing so meant that they did not need to travel to take the depositions in person. Thus, conducting the depositions by videoconference was not a necessity, but rather a convenience. For this reason, the Veritext videoconference costs are not taxable under 28 U.S.C. § 1920, and Portfolio cannot recover those costs. The Veritext videoconference fees totaling $800 in the invoices will not be taxed to the Sanfords. The Sanfords' objection to the videoconferencing costs is therefore sustained.

**IV**

Accordingly, it is **ORDERED** that the Sanfords' objections to the Clerk's Taxed Bill of Costs are **OVERRULED IN PART AND SUSTAINED IN PART**.

It is further **ORDERED** that Portfolio is awarded the costs of the Sanfords' depositions, less the $800 Veritext videoconferencing fees, for a total amount of $1245.75. The Taxed Bill of Costs, ECF No. 54, is so amended.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 2, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 2, 2013.

s/Tracy A. Jacobs  
TRACY A. JACOBS